## MEYER, AUDITOR OF THE STATE OF OKLAHOMA, *v.* WELLS, FARGO & COMPANY.

### APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF OKLAHOMA.

No. 624.    Argued January 16, 1912.—Decided February 19, 1912.

In estimating for taxation the proportion of income of a corporation doing interstate business, a State cannot include income from investments in bonds and lands outside of the State. *Fargo* v. *Hart*, 193 U. S. 490.

The Oklahoma tax on gross revenue of corporations of 1910, as far as it affects express companies, is not a property tax but a tax on all revenue, including that received from interstate commerce, and as such is an unconstitutional burden on interstate commerce. *Galveston, Harrisburg & San Antonio Ry. Co.* v. *Texas*, 210 U. S. 217.

Where a state statute requires that a corporation doing both interstate and intrastate business return its gross receipts from all sources, the taxing feature of the statute cannot be construed as relating only to receipts from intrastate commerce, and sustained separately in that respect.

Complainant in an equity suit to restrain the collection of a state tax, on gross receipts, on the ground that the act is unconstitutional because it includes receipts from interstate commerce, is not bound, in order to maintain the bill, to tender so much as would have fallen on intrastate receipts. *People's Bank* v. *Marye*, 191 U. S. 272, distinguished.

The court cannot reshape a taxing statute which includes elements beyond the State's power of taxation simply because it embraces elements that it might have reached had the statute been drawn with a different measure and intent.

THE facts, which involve the constitutionality of provisions of the statute of 1910 of the State of Oklahoma imposing a revenue tax upon receipts of express companies, are stated in the opinion.

*Mr. Charles West,* Attorney General of Oklahoma, for appellant.

*Mr. S. T. Bledsoe,* with whom *Mr. J. R. Cottingham* and *Mr. C. W. Stockton* were on the brief, for appellee.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill for an injunction against a tax alleged to be unconstitutional as a regulation of commerce among the States. Upon demurrer three judges sitting in the Circuit Court granted the injunction, and the defendant appealed to this court. The statute in question (March 10, 1910, Sess. Laws 1910, c. 44, p. 65) is entitled 'An Act providing for the levy and collection of a gross revenue tax from public service corporations in this State' and from persons engaged in certain mining and similar occupations. By § 2 "Every corporation hereinafter named shall pay the state a gross revenue tax . . . which shall be in addition to the taxes levied and collected upon an *ad valorem* basis upon the property and assets of such corporation equal to the per centum of the gross receipts hereinafter provided, if such public service corporation operate wholly within the state, and if such public service corporation operates partly within and partly without the state, it shall pay tax equal to such proportion of said per centum of its gross receipts as the portion of its business done within the state bears to the whole of its business;" with a proviso for fixing a different proportion if it "more fairly represents the proportion which

the gross receipts of any such public service corporation for any year within this state bear to its total gross receipts." By § 3 the per centum to be paid by express companies (such as the plaintiff is), is three per cent. of the gross receipts, and, 'for the purpose of determining the amount of such tax,' they are required to report under oath the gross receipts 'from every source whatsoever.'

The plaintiff's receipts are largely from commerce among the States, and it also receives large sums as income from investments in bonds and land all outside the State of Oklahoma. So that it is evident that if the tax is what it calls itself it is bad on the former ground, and that whatever it is it is bad on the latter. *Fargo* v. *Hart*, 193 U. S. 490. In that case the tax was proportioned to mileage, and it was held that it could not be sustained when, although purporting to be a tax on property, it took into account, in order to increase proportionately the value of the mileage within the State, valuable property outside of it. The same principle would apply to a property tax measuring the total property by the total gross receipts increased by the special outside sources of income and taxing a proportion of this total fixed by the ratio of business within the State to that outside. But we see no warrant for calling the tax a property tax. It is so similar to the Texas statute held bad in *Galveston, Harrisburg & San Antonio Ry. Co.* v. *Texas*, 210 U. S. 217, as to show that, if one is not copied from the other, they have a common source. It would be possible only by some extraordinary turn of ingenuity to sustain this after condemning that.

It was argued in some detail that taking into account the rest of the act and other statutes passed later at the same session this really was a property tax. But the scope and purport of the act, so far as it affects express companies, are too obvious to admit such a view. The tax is "in addition to the taxes levied and collected upon

an ad valorem basis." Even if we read the words which follow without a comma, viz. "upon the property and assets of such corporation," as not qualifying those which immediately precede but as attempting to characterize the "gross revenue tax" as a tax on such property and assets, nevertheless all the property and assets are the subject of the ad valorem taxes referred to. Therefore this tax cannot be an attempt to reach the value of what is by the law to be valued and taxed in a different way. It would be difficult to apply to a tax levied in these days the explanation of *Maine* v. *Grand Trunk Ry. Co.*, 142 U. S. 217, given in *Galveston, Harrisburg & San Antonio Ry. Co.* v. *Texas*, 210 U. S. 217, 226, *Flint* v. *Stone Tracy Co.*, 220 U. S. 107, 162–165, and to suppose it intended to reach only the additional value given by its being part of a going concern to property already taxed in its separate items. There is nothing sufficient to indicate such a limitation, and for the reasons given above on the authority of *Fargo* v. *Hart*, 193 U. S. 490, it is plain that the gross receipts from all sources could not have been used as a means for estimating the going value of the property in the State. We may add in this connection that this same requirement as to the total gross receipts shows that it is impossible to save the constitutionality of the act by construing it as referring only to the receipts from commerce wholly within the State.

We do not gather that the appellant has any objection to testing the validity of this tax in an equity suit, or that any such objection was made below. *Brown* v. *Lake Superior Iron Co.*, 134 U. S. 530. Therefore we do not consider whether there are any facts to take the case out of the general rule established by the cases collected in *Boise Artesian Hot & Cold Water Co.* v. *Boise City*, 213 U. S. 276. See *Ludwig* v. *Western Union Telegraph Co.*, 216 U. S. 146; *Western Union Telegraph Co.* v. *Andrews*, 216 U. S. 165. It was objected, however, that

the bill cannot be maintained for want of a tender of so much of the tax as would have fallen on the receipts from commerce wholly within the State. But that requirement hardly can be made in this case, which is not like one where the law simply fails to allow certain proper deductions. *People's National Bank* v. *Marye,* 191 U. S. 272. Whether the statute could be construed as separable of course would be ultimately for the state court in any event. *Telegraph Co.* v. *Texas,* 105 U. S. 460. But we see no possible construction on which it could be upheld without being so remodeled that it would be a mere speculation whether the legislature would have passed it in the new form. For, to recur to the statute, it is not simply a tax on all gross receipts within the State, which possibly might be read as intended to reach such receipts as it could, even if less than all, *Ratterman* v. *Western Union Telegraph Co.,* 127 U. S. 411, it is a tax on a proportion of total gross receipts a considerable part of which, as we have explained, the State has no right to tax. Neither the court below nor this court can reshape the statute simply because it embraces elements that it might have reached if it had been drawn with a different measure and intent.

*Decree affirmed.*