THE PEOPLE OF THE STATE OF NEW YORK ex rel. PENN-SYLVANIA GAS COMPANY, Appellant, *v.* MARTIN SAXE et al., Composing the STATE TAX COMMISSION, Respondents.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. UNITED NATURAL GAS COMPANY, Appellant, *v.* WILLIAM SOHMER, as Comptroller of the State of New York, Respondent.

**Tax — franchise tax may not be levied upon foreign corporation engaged in transporting natural gas by pipes from an adjoining state to consumers in this state — that gas is delivered to local companies and by them distributed does not change interstate character of business — commingling of local gas with imported product does not effect exemption of latter.**

1. The transportation of natural gas by means of pipe lines from gas fields in Pennsylvania to homes, offices and factories in this state is interstate commerce and the state may not charge a foreign corporation so engaged with a franchise tax for the privilege of carrying on its business. (*Penn. Gas Co. v. P. S. Comm.*, 225 N. Y. 397; 252 U. S. 23, followed.)

2. The fact that a foreign corporation transports natural gas from Pennsylvania into this state by means of pipe lines which are here connected with pipes of local companies by which it is distributed into the buildings of consumers under contracts providing for payment by the local to the foreign company of a percentage of the gross receipts does not change the interstate character of the business. (*Public Utilities Comm. v. Landon*, 249 U. S. 236, distinguished.)

3. Nor does the fact that some local gas is commingled with the imported product within the mains in this state give to the entire business the character of local commerce. To the extent that the product is imported, the deliveries are exempt from local burdens. The assessment may be proportioned to the local business. (*Ratterman v. W. U. Tel. Co.*, 127 U. S. 411, followed.)

*People ex rel. Pennsylvania Gas Co. v. Saxe*, 186 App. Div. 28, reversed.

*People ex rel. United Natural Gas Co. v. Sohmer*, 187 App. Div. 916, reversed.

(Argued September 28, 1920; decided October 19, 1920.)

APPEAL, in each of the above-entitled proceedings, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 24, 1919, confirming, on certiorari, in the first proceeding a determination by the state tax commission, and in the second proceeding a determination by the state comptroller refusing to revise and readjust franchise taxes assessed against the relator.

The facts, so far as material, are stated in the opinion.

*C. Pascal Franchot* and *Daniel J. Kenefick* for appellants. Relators are engaged in interstate commerce in buying or producing gas in Pennsylvania, transporting it into New York state and there selling it. (*Pennsylvania Gas Co. v. Pub. Serv. Comm.*, 225 N. Y. 397, 401; 252 U. S. 23; *Public Utilities Comm. v. Landon*, 249 U. S. 236, 245.) Being engaged in interstate commerce, relators have the constitutional right, although corporations, to do business of an interstate character in New York, and a state statute exacting payment for the exercise of that right is unconstitutional. (*Leloup v. Port of Mobile*, 127 U. S. 640; *Public Utilities Comm. v. Landon*, 249 U. S. 236; *Western Union Telegraph Co. v. Kansas*, 216 U. S. 1; *Crutchen v. Kentucky*, 141 U. S. 47; *Gloucester Ferry Co. v. Philadelphia*, 114 U. S. 196; *Pensacola Tel. Co. v. W. U. Tel. Co.*, 96 U. S. 1; *Pickard v. Pullman Southern Car Co.*, 117 U. S. 34; *Robbins v. Shelby Taxing District*, 120 U. S. 489; *Philadelphia Steamship Co. v. Pennsylvania*, 122 U. S. 326; *Ratterman v. Western Union Tel. Co.*, 127 U. S. 411.) As to more than two-thirds of its business, the relator United Natural Gas Company was engaged in interstate commerce since it bought or produced from seventy to seventy-four per cent of its gas in Pennsylvania, transported it into New York state and there sold it. (*Public Utilities Comm. v. Landon*, 249 U. S. 236; *Pennsylvania Gas Co. v. Pub. Serv. Comm.*, 225 N. Y. 397; 252 U. S. 23.)

448   People ex rel. Pennsylvania Gas Co. *v.* Saxe.

[229 N. Y.]         Opinion, per Cardozo, J.              [Oct.,

*Charles D. Newton, Attorney-General (C. T. Dawes* of counsel), for respondents. The business of the relator United Natural Gas Company is not interstate commerce. (*P. U. Comm.* v. *Landon,* 249 U. S. 236; *Penn. Gas Co.* v. *P. S. Comm.,* 252 U. S. 23.) The Pennsylvania gas lost its interstate character even before entering the distribution pipes of the local companies, since New York gas was commingled with it in the main pipe lines before the local lines were reached. (*American Steel & Wire Co.* v. *Speed,* 192 U. S. 500; *General Oil Co.* v. *Crain,* 209 U. S. 211; *Emert* v. *Missouri,* 156 U. S. 296; *Brown* v. *Maryland,* 12 Wheat. 419; *Kehrer* v. *Stewart,* 197 U. S. 60; *Singer Sewing Machine Co.* v. *Brickell,* 233 U. S. 304; *Bacon* v. *Illinois,* 227 U. S. 504; *Susquehanna Coal Co.* v. *South Amboy,* 228 U. S. 665; *Brown* v. *Houston,* 114 U. S. 622; *People ex rel. Matheson* v. *Roberts,* 158 N. Y. 162.) Assuming that the interstate gas maintained its character after the commingling with New York state gas, then the relator was bound to show how much gas was interstate and how much state gas so that the gross earnings could be separated accordingly. (*Singer S. M. Co.* v. *Brickell,* 233 U. S. 304.)

Cardozo, J. Franchise taxes have been assessed against the relators, foreign corporations, for the privilege of carrying on business in New York. The taxes are measured by gross earnings " from all sources within this state " (Tax Law, sec. 186; Consol. Laws, chap. 60). One of the relators, the Pennsylvania Gas Company, asserts that its sole business is interstate commerce. If that is so, it is here of right, and the state may not charge it with a tax as a condition of its presence (*Western Union Tel. Co.* v. *Kansas,* 216 U. S. 1; *Oklahoma* v. *Wells Fargo & Co.,* 223 U. S. 298; *Looney* v. *Crane Co.,* 245 U. S. 178; *International Paper Co.* v. *Massachusetts,* 246 U. S. 135). The other relator, United Natural Gas Company, asserts that the major part of its business, approximately seventy-four

per cent, is interstate commerce. If that is so, the franchise tax must be measured, not by its entire business within the state, but only by that part of its business which is intrastate commerce (*International Paper Co.* v. *Massachusetts, supra*). We think that each assessment transcends the bounds of local power.

The Pennsylvania Gas Company transports natural gas by means of pipe lines from gas fields in Pennsylvania to homes and offices and factories in New York. We have already held that its business is interstate commerce (*Matter of Penn. Gas Co.* v. *Public Serv. Comm.,* 225 N. Y.. 397), and our ruling has been affirmed by the Supreme Court of the United States (252 U. S. 23).

The United Natural Gas Company transports natural gas by means of pipe lines from gas fields in Pennsylvania to the connecting pipes of local companies in Salamanca and Buffalo, where the gas is distributed without interruption into the buildings of consumers. These local companies have contracts with the relator by which the latter is to furnish and deliver to them, within the limits of capacity, all the natural gas which their customers require. In return, they pay to the relator from eighty to eighty-six and two-thirds per cent of the gross receipts, retaining the residue for themselves. We think the interstate character of the relator's business is untouched by these arrangements. The local companies in Salamanca and Buffalo are either purchasers or agents. If they are purchasers, the sale does not cease to be one in interstate commerce because the price is to be measured by the purchaser's receipts. If they are agents, the interstate transaction is not closed till the agent, as the seller's representative, has made delivery to the consumer. We find nothing inconsistent with these views in *Public Utilities Comm. of Kansas* v. *Landon* (249 U. S. 236). There a gas company transported gas from one state into

29

another, and sold it to local companies, which in turn retailed to consumers. The question at issue was the power of the receiving state to regulate the business, not of the company which transported, but of the companies which resold (249 U. S. at p. 245; *Penn. Gas Co.* v. *Pub. Serv. Comm.*, 252 U. S. at p. 28). If the tax in controversy here had been laid upon the franchise of the local companies in Salamanca and Buffalo, the decision in *Public Utilities Comm. of Kansas* v. *Landon* (*supra*) would be pertinent. It has no bearing, as we read it, upon the rights of this relator.

We find no such commingling of local and imported gas as to give to the entire business the character of local commerce. Deliveries at Salamanca are made from imported gas exclusively. There can be no question, it would seem, that receipts up to that point are exempt from local burdens. They are included, however, in these assessments like receipts from other sources. Between Salamanca and Buffalo, a small proportion of local gas is commingled in two of the three mains with the gas from Pennsylvania, and thus enters into the total of the Buffalo receipts. Even between those points, one of the three mains, at least as a general practice, carries imported gas exclusively. In two only of the three is there an infusion of the local product. We think, however, that deliveries through those mains as through the other are exempt from local burdens to the extent that the product is imported. As we pointed out in *Matter of · Penn. Gas Co.* v. *Pub. Serv. Comm.* (225 N. Y. 397, 402), " The test to be applied will vary with the method of transportation and the subject of the sale." Here the agency of carriage is a pipe, and the subject of the sale a gas. A carload of grain transported from ·one state to another and consigned to a single purchaser will not lose its quality as a subject of interstate commerce if a bushel of grain is added to the shipment after crossing the state line. Gas transported from Pennsylvania, consigned to one dis-

tributor in Buffalo, does not become subject, without
limit, to the taxing power of the locality because on the
way there has been an infusion of an insignificant pro-
portion of gas produced within the state. Receipts from
sales of local gas make up about twenty-six per cent of
the relator's business in New York, but only a minor
part of this percentage represents sales of the home prod-
uct transported through the mains that carry gas from
Pennsylvania. Most of the home product is consumed
by the localities in the neighborhood of its source. We
are unable to persuade ourselves 'that the incident has
absorbed the principal, that the stream has lost itself in
the tributary, and that the infusion of the local product,
while the imported one is still in transit, before the desti-
nation has been reached or a state of rest attained, makes
severance of the business into its elements impossible,
and fixes upon the transit as a whole the stamp of local
commerce.

Our conclusion, therefore, is that the United Natural
Gas Company, to the extent that its business involves the
transportation and sale in New York of gas produced in
Pennsylvania, is engaged in commerce between states.
No point is made of our power to separate the statute
into its valid and invalid elements. Counsel upon the
argument at our bar announced the willingness of his
client to submit to an assessment proportioned to the
local business. We think, in any event, that *Ratterman*
v. *Western Union Tel. Co.* (127 U. S. 411), rather than
*Oklahoma* v. *Wells Fargo & Co.* (223 U. S. 298, 302),
supplies the applicable rule.

In the case of the Pennsylvania Gas Company, the order
of the Appellate Division should be reversed, with costs
in all courts, the determination of the state tax commis-
sion annulled, and the assessment vacated.

HISCOCK, Ch. J., CHASE, HOGAN, POUND, CRANE and
ELKUS, JJ., concur.

Order reversed, etc.

In the case of the United Natural Gas Company, the order of the Appellate Division should be reversed, with costs in all courts, the determination of the comptroller annulled, and the proceeding remitted for the revision of the assessments in accordance with this opinion.

HISCOCK, Ch. J., CHASE, HOGAN and ELKUS, JJ, concur; POUND, J., concurs in result as follows:

POUND, J. (concurring in result). The franchise tax assessed against relator United Natural Gas Company must be upheld unless it amounts to a " direct burden on interstate commerce." (*Looney* v. *Crane Co.*, 245 U. S. 178, 187.)  The burden ceases to be direct when the interstate product ceases to be a distinct commodity.  Relator's Pennsylvania gas as delivered in Buffalo in part is mingled in the pipes with New York gas.  The consumer or purchaser of such gas does not buy Pennsylvania gas.  He draws from the common supply.  The state thus finds the property and thus may tax relator thereon. (*Brown* v. *State of Maryland*, 12 Wheat. 419.)

CRANE, J., dissents.

Order reversed, etc.