### YAZOO & M. V. R. CO. v. GROSJEAN, Sup'r of Public Accounts.

No. 339.

District Court, E. D. Louisiana.

Sept. 11, 1936.

R. C. Beckett, of Chicago, Ill., Arthur A. Moreno and Selim B. Lemle, both of New Orleans, La., E. C. Craig, of Chicago, Ill., and Chas. N. Burch, of Memphis, Tenn., for plaintiff.

Gaston L. Porterie, Atty. Gen., of Louisiana, and Justin C. Daspit, F. A. Blanche, and E. L. Richardson, Sp. Assts. to Atty. Gen., for defendant.

Before FOSTER and HUTCHESON, Circuit Judges, and BORAH, District Judge.

BORAH, District Judge.

Plaintiff, a common carrier engaged in operating a railroad system in the states of Louisiana, Mississippi, and Tennessee, brings this bill against defendant to en-

join the collection of a tax alleged to be unconstitutional as a regulation of and a direct burden on interstate commerce.

The statutes in question are Act No. 26 of the Third Extraordinary Session of the Legislature of Louisiana for the year 1934, and Act No. 26 of the Second Extraordinary Session of the Legislature of Louisiana for the year 1935. The first-mentioned statute is entitled "An Act to amend and re-enact Sections 1, 2, 4, 5, 10, 11 and 12 of Act 13 of the Regular Session of the Louisiana Legislature of 1934, entitled [and here follows language common to both statutes] 'An Act to provide additional revenue for the State of Louisiana by levying a license tax, in addition to all other licenses and taxes now levied and assessed in this State, upon every person, firm, association or corporation, owning or operating, or owning and operating any public utility in this State.' "

Section 1 of the 1934 statute (No. 26 of 1934, 3d Ex.Sess., p. 143) provides:

"That every person, firm, association or corporation, domestic or foreign, owning or operating, or owning and operating, any public utility in this State as defined in this Act, shall, in addition to all other taxes and licenses levied and assessed in this State, pay a license tax, for the privilege of engaging in such business in this State, of two per cent (2%) of the gross receipts from the operation of its business in this State, as to business beginning and ending within this State, and of two per cent (2%) of the gross receipts from all business passing through, into, or out of this State based upon the proportion of the mileage within this State to the entire mileage over which such business is done. Provided, that all taxes based upon the proportion of mileage within this State to the entire mileage over which such business is done shall be credited pro tanto, or entirely offset by all State property or ad valorem taxes for State purposes paid by the taxpayer for the year in which such tax levied by this act is due."

This exact language was retained in section 1 of the 1935 statute, with the following in addition thereto: "And the Supervisor of Public Accounts shall have authority to adopt regulations, postponing the payment of any part of any tax under this Act, and waiving interest and penalties, in order to carry this proviso into effect, where property taxes have not been assessed before the tax is due and therefore the proper credit or offset cannot be correctly ascertained."

Section 5 of the 1934 statute (No. 26 of 1934, 3d Ex.Sess., p. 146) requires the taxpayer to report to the Supervisor of Public Accounts on the first day of May, 1935, for the first quarter of the said year as to the Louisiana proportion of gross receipts derived from its business passing through, into, or out of Louisiana, and by section 5 of the 1935 statute the taxpayer is required to report like information to the supervisor on the 1st day of August, 1935, for the quarter beginning April 1, 1935, and ending June 30, 1935, and thereafter on or before thirty days after each quarter annual period ending on September 30 and December 31. The taxes levied by section 10 of the statutes are due on the first day of the second month following the last day of the quarter annual period as to the business done during such quarter year, and become delinquent on the sixtieth day following the last day of the quarter annual period in which such business is transacted or in which the collection therefor was made, and such delinquent taxes bear interest at the rate of one per cent. per month from their due date until paid.

The bill alleges that plaintiff has filed quarterly returns with the Supervisor of Public Accounts covering each of the four quarters of the year 1935; that the reports were filed seasonably and as required on the forms prescribed and furnished by the Supervisor of Public Accounts showing all of the facts called for by said statutes and forms, and including the Louisiana proportion of gross receipts of plaintiff derived from its interstate business passing through, into, or out of. the state of Louisiana. That plaintiff also has paid the state property or ad valorem taxes for state purposes assessed against it for the calendar year 1935 amounting to $56,260.78 and has paid quarterly the tax levied on the receipts from its intrastate business, but because of its belief that said tax is unconstitutional, null, and void, has withheld the payment of the tax sought to be imposed on its receipts from its interstate business which amount to a total for the year of $61,382.36. That defendant is demanding plaintiff pay to her the sum of $5,121.58, which amount represents the excess of the 2 per cent. public utility tax levied in accordance with the provisions of aforesaid statutes on the Louisiana proportion of the plaintiff's gross receipts derived from business passing

278

through, into, or out of Louisiana, over the amount of the state property or ad valorem taxes for state purposes paid by plaintiff for the calendar year 1935.

Plaintiff avers that if it should pay the tax under protest it will suffer an irreparable loss because it will not be able to recover the amount for the reason that it has no adequate remedy at law to test the validity of the tax or the constitutionality of those portions of the 1934 statute and the 1935 statute requiring the payment of the tax, and has no remedy at law for the recovery of the amount paid by it, either with or without interest, and no remedy at law enforceable in the federal courts. If it does not pay the tax, then by section 12 of Act No. 13 of the Regular Session of the Louisiana Legislature of 1934, as amended by Act 26 of the Third Extraordinary Session of the Louisiana Legislature of 1934 (page 147), as further amended by Act No. 11 of the First Extraordinary Session of the Louisiana Legislature of 1935 (page 55), it will, if the aforesaid tax be valid, incur the risk of having severe penalties imposed. That the Supervisor of Public Accounts in administering the acts in strict accordance with their provisions, as she has admitted she will do, will cause to be recorded in the mortgage records of the twenty-one parishes where plaintiff is engaged in business liens on all of its property which will encumber and be clouds thereon. Plaintiff contends that since it is deprived of the right to withhold payment of the tax and to test its validity and the constitutionality of the contested portion of the acts in a suit at law brought by the Supervisor of Public Accounts for the purpose of collecting said tax, it will therefore suffer irreparable injury, and as it has no adequate remedy at law in the state courts, and no remedy of law whatsoever in the federal courts, it is entitled to equitable relief to protect its rights, and a writ of injunction is necessary.

To this bill, and to the bill as amended by leave of court, the defendant filed motions to dismiss on the ground that this court was without jurisdiction or authority to grant the equitable relief prayed for, and with reservation of its right to further answer to the merits, answers were filed in response to the rule to show cause why an interlocutory injunction should not issue. The defendant also filed a motion to strike the amended bill.

In order to collect the tax levied under the 1934 statute, the Supervisor of Public Accounts must institute a suit in a court of competent jurisdiction to collect the amount of the tax, interest, and penalty, which interest and penalty shall be taxed as costs and included in any judgment obtained by the state against the tax debtor. The statute further provides that any judgment obtained by the state shall be executed in the same manner as other judgments are executed under existing laws of the state.

Under the 1935 statute if the license or privilege tax due is not paid at the time or in the manner specified, the statute directs that the Supervisor of Public Accounts shall send by registered mail a notice to the tax debtor directing the tax debtor to show cause before the Supervisor of Public Accounts why the amount of the tax due should not be definitely ascertained and fixed. After the hearing, if it is found that the taxpayer owes the tax, under the statute then the Supervisor of Public Accounts shall cause to be recorded in the mortgage records of the parish where such tax debtor is engaged, occupied, or continuing in a business or occupation subject to the tax, a statement under oath showing the amount of the tax due to the state of Louisiana by such tax debtor, which statement when filed for record shall operate as a first lien, privilege, and mortgage on all of the property of the tax debtor, and said property shall be subject to seizure and sale for the payment of the tax due. Whenever the Supervisor of Public Accounts causes the statement to be recorded, the tax debtor is given fifteen days within which to pay the tax due. If same is not paid the statute provides that the Supervisor of Public Accounts shall sue out a rule against the tax debtor to show cause, in not less than five nor more than ten days after service of the petition and rule, why a sufficient amount of the property belonging to the tax debtor should not be seized and sold to pay said lien. On the day set for hearing the court shall proceed summarily to hear the matter whether the tax debtor has appeared or answered said rule or not, and shall render judgment within three days from trial thereof.

From the foregoing, and because of the circumstance that plaintiff cannot be compelled to pay the tax levied by said statutes without the state of Louisiana first obtaining a judgment in a suit at law, in which

suit plaintiff can interpose any legal or equitable defense including the constitutionality of the statutes here assailed, it is argued that plaintiff has a plain, adequate, and complete remedy at law. The situation, it is urged, is the same with reference to the penalties levied by section 12 of the statutes, as they can be collected and recovered by the state only in a suit filed by the district attorney, and to said suit any defense whatever can be set up by the plaintiff. Likewise it is contended that any additional penalty, interest, or attorneys' fees can be collected by the state only in a judicial proceeding, and to which the taxpayer can interpose any defense.

■ But this argument indicates that counsel has become confused with the meaning of section 267 of the Judicial Code (28 U.S.C.A. § 384) which has reference to the adequacy of the remedy on the law side in the federal courts. Smyth v. Ames, 169 U.S. 466, 516, 18 S.Ct. 418, 42 L.Ed. 819; Chicago, B. & Q. Railroad Co. v. Osborne, 265 U.S. 14, 16, 44 S.Ct. 431, 68 L. Ed. 878; Risty v. Chicago, R. I. & Pac. Ry. Co., 270 U.S. 378, 388, 46 S.Ct. 236, 70 L. Ed. 641; Henrietta Mills v. Rutherford County, 281 U.S. 121, 126, 50 S.Ct. 270, 74 L.Ed. 737. Act No. 26 of the Second Extraordinary Session of the Legislature of Louisiana for the year 1935 does not provide for any affirmative action in any court by plaintiff before the liens become fixed for the purpose of testing the validity of the contested tax or of the action of the Supervisor of Public Accounts. The statute does not afford a general or any remedy at law to save or clear its property from the tax liens, but only a statutory remedy whereby the Supervisor of Public Accounts, after causing the liens to be recorded against and to cloud the properties of plaintiff, may in her own time and season proceed to file suit in the name of the state in any district court of a parish in which the lien has been recorded to collect the tax. Nor can the plaintiff under this statute or the laws of Louisiana pay the tax to the collecting officer under protest and maintain a suit at law for its recovery on the ground that it was exacted in violation of the Constitution of the United States.

In the light of what has been said, and in view of the circumstances set forth in the bill, we think that defendant's objection to testing the validity of this tax in an equity suit is without merit.

■ Passing on to a consideration of the merits of this controversy, the situation may be thus briefly stated. The state, pursuant to the provisions of the challenged acts, has levied an annual tax upon plaintiff in addition to all other taxes paid by it of 2 per cent. of its gross receipts from its business measured by its gross receipts both from its intrastate business and its interstate business, allocable to Louisiana on a mileage basis, subject to a credit of that portion of the tax levied on the receipts of plaintiff from its interstate business of the amount paid by plaintiff as ad valorem taxes for state purposes during the calendar year. Plaintiff contends that the state is without power or authority to levy a tax, in addition to other taxes paid by plaintiff, on the gross receipts derived from its interstate business and maintains that such power is vested exclusively in the Congress of the United States by clause 3, § 8, art. 1 of the Constitution of the United States.

The tax in question is not a lieu tax or property tax; the scope and purport of the acts are too obvious to admit such a view. It is clearly a license tax and it is so denominated. Such a tax on gross receipts derived from interstate commerce have received the condemnation of the court. Meyer, Auditor of the State of Oklahoma, v. Wells Fargo & Company, 223 U.S. 298, 32 S.Ct. 218, 56 L.Ed. 445; Galveston, Harrisburg & San Antonio Ry. Co. v. Texas, 210 U.S. 217, 28 S.Ct. 638, 52 L.Ed. 1031. And the only question presented here over and above what was considered in the two cases, supra, is whether or not the objectionable features of this type of legislation have been overcome by that provision of the statutes which authorize the deduction. We think not. Here there is a levying directly upon the gross receipts as such from interstate commerce. The tax in question is invalid, as constituting a direct burden on interstate commerce, the regulation of which belongs to Congress. Cooney v. Mountain States Tel. & Teleg. Co., 294 U.S. 384, 55 S.Ct. 477, 79 L.Ed. 934.

Let a decree be prepared and presented in accordance herewith.