HOUSTON BELT & TERMINAL RAILWAY COMPANY v. STATE OF TEXAS.

No. 2802. ' Decided March 14, 1917.

### 1.—Constitution of United States—Rulings of its Courts Conclusive.

The question whether a tax levied upon a railway company is one upon interstate and foreign commerce, and hence beyond the power of the State to impose, is controlled by the decisions of the Supreme Court of the United States. (P. 318.)

**2.   Same—Cases Discussed.**

The rulings of the Supreme Court of the United States in Galveston, H. & S. A. Ry. Co. v. State, 210 U. S., 217; Oklahoma v. Wells, Fargo & Co., 223 U. S., 289; and United States Exp. Co. v. Minnesota, 223 U. S., 335, disinguishing and limiting Maine v. Grand Trunk Ry. Co., 142 U. S., 217, explained and followed.   (Pp. 318-320.)

**3.—Taxation—Interstate Commerce.**

The tax imposed upon terminal railways by Revised Statutes, 1911, art. 7384 (sec. 16, of the Act of May 16, 1907, Laws, 30th Leg., p. 487) being one per cent of its gross receipts from all sources, including those derived from interstate and foreign commerce, and being in addition to all other taxes imposed by law, though designated as an occupation tax, was unconstitutional as being a tax upon such commerce.   (Pp. 317-321.)

**4.—Same.**

The tax imposed by Revised Statutes, 1911, art. 7384, could not be sustained as an attempt to reach for taxation the additional values of its buildings, lands, and fixtures as being a "going concern."   Such values being fully taxed ad valorem by other provisions of the statutes.   (P. 320.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Travis County.

The State sued the railway company for taxes and appealed from a judgment denying it a recovery.   This being reversed and rendered in appellant's favor, the railway company obtained writ of error.

*Andrews, Streetman, Burns & Logue, Frank Andrews,* and *Robert H. Kelly,* for plaintiff in error.—Under the pleadings, admissions and undisputed evidence, the appellee is, and was during all times mentioned in plaintiff's petition, a common carrier for hire, engaged in and largely deriving its receipts from the transportation and handling of interstate and foreign commerce, and was, therefore, not subject to the tax sued for, such tax being in violation of the Constitution of the United States conferring upon the Congress the exclusive power to regulate interstate and foreign commerce.   United States v. Union Stock Yards, etc., Co., 226 U. S., 296, 33 Sup. Ct. Rep., 83; Southern Pac., etc., Co. v. I. C. C., 219 U. S., 498, 31 Sup. Ct. Rep., 279; Railroad Comm. v. Worthington, 225 U. S., 101, 32 Sup. Ct. Rep., 653; Texas & N. O. R. Co. v. Sabine Tram Co., 227 U. S., 111, 33 Sup. Ct. Rep., 229; Pedersen v. D. L. & W. R. Co., 229 U. S., 146, 33 Sup. Ct. Rep., 648; Galveston, H. & S. A. Ry. Co. v. Texas, 210 U. S., 217, 28 Sup. Ct. Rep., 638; State v. Galveston, H. & S. A. Ry. Co., 100 Texas, 153, 97 S. W., 71; Acts 1905, p. 336; Acts 1907, p. 479, sec. 16; Meyer v. Wells-Fargo, 223 U. S., 298, 32 Sup. Ct. Rep., 218; Express Co. v. Minnesota, 223 U. S., 335, 32 Sup. Ct. Rep., 211.

*B. F. Looney,* Attorney General, and *Luther Nickels,* Assistant, for defendant in error.—Defendant is not a common carrier engaged in interstate and foreign commerce, because under the facts it was doing a purely local business.   Kentucky, etc., Bridge Co. v. L. & N. Ry. Co.,

37 Fed., 567; Ex parte Koehler, 30 Fed., 869; Railway Co. v. White-head, 6 Texas Civ. App., 595; Cincinnati, N. O. & T. P. Ry. Co. v. I. C. C., 162 U. S., 192; Railway Co. v. Becker, 32 Fed., 849.

Said Act of the Legislature does not lay a tax on the gross receipts of defendant, but does levy an occupation tax upon the occupation of the defendant, such tax being measured merely by reference to the amount of the gross receipts derived by defendant for a term preceding the term for which the tax is exacted, and the Act does not, therefore, lay a direct tax on defendant's gross receipts derived from interstate and foreign commerce. Secs. 1 and 4, art. 8, Constitution of Texas; State v. Galveston, H. & S. A. Ry. Co., 100 Texas, 153, 97 S. W., 71; Galveston, H. & S. A. Ry. Co. v. Davidson, 93 S. W., 436; State Tax on Railway Gross Receipts, 15 Wall., 284; Maine v. Grand Trunk Ry. Co., 142 U. S., 217; Henderson Bridge Co. v. Kentucky, 166 U. S., 150; New York, Lake Erie & Western Ry. Co. v. Pennsylvania, 158 U. S., 431; Delaware Ry. Tax Case, 18 Wall., 206; Erie Ry. Co. v. Pennsylvania, 21 Wall., 492; McHenry v. Alford, 168 U. S., 651; Wisconsin & Michigan Ry. Co. v. Powers, 191 U. S., 387; U. S. Express Co. v. Minnesota, 223 U. S., 335.

The tax involved in this suit is a tax upon the occupation of appellee, measured by a certain percentage of the gross receipts derived by it for a term previous to the beginning of the term for which the tax is to be paid, and is not a tax upon its gross receipts, either for the previous term, or for the current term, and, as such, is a valid and constitutional tax exaction. Maine v. Grand Trunk Ry. Co., 142 U. S., 217, and the other cases cited above.

The effect of the tax exaction upon interstate commerce and foreign commerce, if any, is not direct, but such effect, if any, is indirect and remote and incidental to the requirement that defendant pay its proportional part towards the support of the government, and the statute, therefore, does not violate paragraph 3 of section 8 of article 1 of the Constitution of the United States. Maine v. Grand Trunk Ry. Co., 142 U. S., 217; New York, Lake Erie & Western Ry. Co. v. Pennsylvania, 158 U. S., 431; State Tax on Railway Gross Receipts, 15 Wall., 284; Henderson Bridge Co. v. Kentucky, 166 U. S., 150; Munn v. Illinois, 94 U. S., 135.

The tax levied by section 16 of chapter 18, Acts of 1907 is an occupation tax laid upon appellee for the privilege of pursuing the occupation of a terminal company within the State of Texas, and as such is a constitutional tax levy and exaction. Sec. 1, art. 8, Constitution of Texas; sec. 4, art. 8, Constitution of Texas; State v. Galveston, H. & S. A. Ry. Co., 97 S. W., 71; State Tax on Railway Gross Receipts, 15 Wall., 284; Maine v. Grand Trunk Ry. Co., 142 U. S., 217; Henderson Bridge Co. v. Kentucky, 166 U. S., 150; New York, Lake Erie & Western Ry. Co. v. Pennsylvania, 158 U. S., 431.

The tax involved in this suit is a tax upon the occupation of appellee measured by a certain percentage of its gross receipts for a preceding

period of time, and is not a tax upon such gross receipts, either for the preceding term or for the current term, and as such is a valid and constitutional tax. State Tax on Railway Gross Receipts, 15 Wall., 284; Maine v. Grand Trunk Ry. Co., 142 U. S., 217; Henderson Bridge Co. v. Kentucky, 166 U. S., 150; New York, L. E. & W. Ry. Co. v. Pennsylvania, 158 U. S., 431; Delaware Ry. Tax Case, 18 Wall., 206; Erie Ry. Co. v. Pennsylvania, 21 Wall., 492; McHenry v. Alford, 168 U. S., 651; Wisconsin & Michigan Ry. Co. v. Powers, 191 U. S., 387.

Section 16 of chapter 18 of the Acts of the Special Session of the Thirtieth Legislature of 1907 was and is constitutional and of full force and effect. Secs. 1 and 4, Constitution of Texas; State v. Galveston, H. & S. A. Ry. Co., 97 S. W., 71; Galveston, H. & S. A. Ry. Co. v. Davidson, 93 S. W., 436; Maine v. Grand Trunk Ry. Co., 142 U. S., 217; New York, Lake Erie & Western Ry. Co. v. Pennsylvania, 158 U. S., 431; Atlantic Coast Line v. Wharton, 207 U. S., 334.

It is not everything that affects commerce that amounts to a regulation of it, within the meaning of the Constitution. This doctrine has been affirmed by the Supreme Court of the United States from earliest to latest history, as witness: Passenger Cases, 7 How., 283; Cooley v. Board of Wardens, etc., 12 How., 299; Sherlock v. Alling, 93 U. S., 99; Munn v. Illinois, 94 U. S., 135; Morgan Steamship Co. v. Louisiana, 118 U. S., 455; Smith v. Alabama, 124 U. S., 465; Railway Co. v. Alabama, 128 U. S., 96; Hennington v. Georgia, 163 U. S., 299; Missouri, K. & T. Ry. Co. v. Haber, 169 U. S., 613; Railway Co. v. New York, 165 U. S., 628; Railway Co. v. Ohio, 173 U. S., 285; Railway Co. v. Illinois, 163 U. S., 142; Mobile County v. Kimball, 102 U. S., 691; Gladson v. Minnesota, 166 U. S., 427; Mississippi R. R. Comm. v. Railway Co., 203 U. S., 335.

The Houston Belt & Terminal Railway Company, being a corporation chartered by the State, and doing business within the State, the Legislature may competently provide for the levy of an occupation tax upon it, under the authorities cited, and such tax levy is not open to constitutional objection merely because the amount of such tax may be determined with reference to the transportation business done by the company even though such transportation may have been, in part, interstate commerce. State v. Galveston, H. & S. A. Ry. Co., 100 Texas, 153, 97 S. W., 71; Maine v. Grand Trunk Ry. Co., 142 U. S., 217; Ficklen v. Shelby County, 145 U. S., 1; State v. French, 109 N. C., 722; Cumberland & Pennsylvania Ry. Co. v. State, 92 Md., 668. 52 L. R. A., 764; Railroad Co. v. Campbell, 74 Hun, 210; Tidewater Pipe Co. v. Board of Assessors, 59 N. J. L., 269; Elevating Co. v. Roberts, 116 App. Div., 30 (N. Y.); Commissioner of Railroads v. Wabash Ry. Co., 126 Mich., 113; Wisconsin & Michigan Ry. Co. v. Powers, 191 U. S., 379.

Mr. Chief Justice PHILLIPS delivered the opinion of the court.

The suit was by the State to recover of the Houston Belt & Terminal Railway Company taxes measured by its gross receipts from April 1,

1908, to April 1, 1913, under section 16 of the Act of 1907 (General Laws of 1907, chapter 8, pages 479-89), article 7384, Revised Statutes of 1911. The receipts of the defendant were in substantial measure derived from the carriage of interstate and foreign commerce. It had paid for the same period all of the State, county and city ad valorem taxes assessed against its property, and also its franchise tax.

In the District Court it was held that the tax levied by the Act of 1907 and so sought to be recovered was unconstitutional and void as a burden upon interstate and foreign commerce. Judgment was there rendered for the defendant. In the Court of Civil Appeals this judgment was reversed, and judgment was rendered for the State [166 S. W., 83].

Whether the tax in question is one upon interstate and foreign commerce and hence beyond the power of the State to impose, or is a tax which the State may lawfully exact, is a question controlled by the decisions of the Supreme Court of the United States. The present inquiry resolves itself, therefore, simply into the ascertainment of that court's rule of decision upon the subject.

The Act of 1905, levying a tax upon the gross receipts of railroad corporations, which this court had occasion to review in State v. Galveston, Harrisburg & San Antonio Ry. Co., 100 Texas, 153, and was later passed upon by the United States Supreme Court (210 U. S., 217, 28 Sup. Ct., 638, 52 L. Ed., 1031), levied the same per centum upon the gross receipts of such corporations, and in substantially the identical terms, as does the Act of 1907. It is provided in the Act of 1907, as it was in the Act of 1905, that the tax shall be in addition to all other taxes levied by law. It is also declared in the Act of 1907, as it was, in effect, in the Act of 1905, that those to whom the tax applies shall be exempted from the payment of the intangible assets tax imposed by other laws. As to the subject of the tax, its measurement, and the operation of the law in respect to relieving against the payment of other taxes, there is no difference between the two acts. The only dissimilarity whatever between them is that the Act of 1905 did not designate the character of the tax, whereas the Act of 1907 defines it as an occupation tax.

While the nature of the tax levied by the Act of 1905 was thus undefined in terms, this court held it to be an occupation tax; and, relying upon the decision of the United States Supreme Court in Maine v. Grand Trunk Railway Co., 142 U. S., 217 [12 Sup. Ct., 121, 35 L. Ed., 994]—wherein it was affirmed that a State could lawfully lay in excise tax upon railroad corporations exercising their franchises within its borders, consisting of a stated per centum upon their gross receipts derived in part from interstate commerce,—sustained the Act. Maine v. Grand Trunk Railway Co. is apparently the authority upon which the Court of Civil Appeals rested its decision in the present case.

The Supreme Court of the United States, however, in its determination of State v. Galveston, Harrisburg & San Antonio Railway Co.

refused to apply the doctrine broadly announced in Maine v. Grand Trunk Railway Co. It there held that the tax levied by the Act of 1905, whatever its name or form, amounted to a tax upon the interstate business of the corporations subject to it, and declared the Act invalid.

The holding in the Maine case that a State could adopt a given per centum of the gross receipts of the corporation arising in part from interstate commerce as the measure of a State excise tax, was without qualification, and without regard, therefore, to whether the property of the corporation was, under other laws of the State, fully taxed. The opinion does not intimate that the ruling was to any extent influenced by the possibility that the property of the corporation was not so taxed. In refusing to apply the ruling made in the Maine case, the court, therefore, necessarily held that a State can not, unqualifiedly, levy an occupation tax measured by a given per centum of gross receipts derived in part from interstate commerce. This is conclusively shown by the manner in which the holding in the Maine case was explained and distinguished in the opinion delivered in the Galveston case, which was as follows: Affirming the full power of a State to tax the property of a corporation situated within its borders, though used in interstate commerce, and to tax it at its full value as a going concern, it was stated that the buildings of the railroad company before the court in the Maine case, and its lands and fixtures outside of its right-of-way, were, by the laws of Maine, taxed locally. But, it was added, *"the local tax was not expected to include the additional value gained by the property being a going concern."* It was then explained that the excise tax imposed by the Maine statute *"was an attempt to reach that additional value,"* and for this reason it was in that case sustained. In other words, the explanation given by the court for its previous decision affirming that a State excise tax, measured by a given per centum of gross receipts derived in part from interstate commerce, could be lawfully imposed, was that the particular tax applied to a value of the property which was not otherwise taxed under the laws of the State, namely, its value as a going concern.

Emphasizing this distinction the court then announced that the tax levied by the Act of 1905, though held by this court to be an occupation tax, not differing in character from an excise tax, and though measured in the same manner as was the excise tax under the Maine statute, could not be sustained upon the ground which, according to the court's explanation, supported the holding in the Maine case, that is, as reaching a value possessed by the railroad company's property not by the State otherwise taxed, since it appeared that the property, under other laws of the State, was fully taxed as of a going concern.

This is equally true of the taxation of the property of the plaintiff in error. It had paid all ad valorem taxes assessed against its property for the period for which it was sought to recover the tax upon its gross receipts, and its franchise taxes, in addition. The assessment of

its property for ad valorem taxation under the general laws included the value which it had as property of a going concern. Art. 7504, Rev. Stats.; State v. Galveston, H. & S. A. Ry. Co., 100 Texas, 153, 97 S. W., 71. This being the condition in respect to other taxation of the plaintiff in error's property, the decision of the United States Supreme Court in State v. Galveston, Harrisburg & San Antonio Railway Co., which is still adhered to by that court, is conclusive of the case.

The correctness of our interpretation of that decision is established by the application made of it in Oklahoma v. Wells-Fargo & Co., 223 U. S., 298 [32 Sup. Ct., 218, 56 L. Ed., 445], and its restatement in United States Express Co. v. Minnesota, 223 U. S., 335 [32 Sup. Ct., 211, 56 L. Ed., 459]. In the former there was under review an Act of the State of Oklahoma levying a tax upon certain corporations measured by a stated per centum of their gross receipts, including receipts arising from interstate commerce, which tax, it was provided by the Act, should be "in addition to taxes levied and collected upon an ad valorem basis." Directing attention to the fact that the property of the corporations to which the Act applied was thus subject to ad valorem taxation under other laws of the State, in holding that its decision in the Galveston case controlled the question before it, the court said this of the tax levied by the Act:

"Therefore this tax can not be an attempt to reach the value of what is by the law to be valued and taxed in a different way. It would be difficult to apply to a tax levied in these days the explanation of Maine v. Grand Trunk Ry. Co., 142 U. S., 217, given in Galveston, H. & S. A. Ry. Co. v. Texas, 210 U. S., 217, 226; Flint v. Stone Tracy Co., 220 U. S., 107, 162-165, and to suppose it intended to reach only the additional value given by its being part of a going concern to property already taxed in its separate items. There is nothing sufficient to indicate such a limitation, and for the reasons given above on the authority of Fargo v. Hart, 193 U. S., 490, it is plain that the gross receipts from all sources could not have been used as a means for estimating the going value of the property in the State."

United States Express Co. v. Minnesota, supra, also involved a State statute levying a tax measured by gross receipts, which, it was provided, should be in lieu of all taxes upon the property of the corporations subject to it. Though it applied to receipts from interstate commerce, the tax was held valid because of its being levied in lieu of all other taxes. For this reason the tax was distinguished from that condemned by the court in the Galveston case. In speaking of the decision in that case, this was said:

"In that case the statute of Texas was condemned, because it appeared to the court to be an attempt to reach the receipts from interstate commerce by a tax of one per cent, or what was equal to the same thing, on gross receipts arising from such commerce, when it appeared from the judgment of the State court and the argument on behalf of

the State that another tax on the property had already been levied, covering its full value as a going concern."

Tested by the decisions of the United States Supreme Court the tax here sought to be recovered was invalid. The judgment of the Court of Civil Appeals is, therefore, reversed, and that of the District Court is affirmed.

*Reversed and judgment of District Court affirmed.*