Honorable H. Tati Santiesteban Chairman Committee on Natural Resources Texas State Senate P.O. Box 12068 Austin, Texas 78711
Re: Procedure for appointment of members of the Texas Water Commission (RQ-1221)
Dear Senator Santiesteban:
You ask whether each of the three members of the Texas Water Commission must represent a different geographic area of the state. A now-repealed statute divided the state into three Texas Water Divisions which corresponded approximately to the east, south, and west of the state. Acts 1913, 33d Leg.; Tex.Gen. Laws, ch. 171, § 6; see Acts 1967, 60th Leg., ch. 360, § 2 (repealer). The former law stated as follows:
 The members of said Commission shall be appointed by the Governor. . . . Each shall be a citizen of this State and a bona fide resident of the water division from which he is appointed.
Acts 1962, 57th Leg., 3d C.S., ch. 4, at 10; see also Acts 1913, 33d Leg., Tex.Gen. Laws, ch. 171, § 7, at 359.
In 1965, the legislature enacted Senate Bill No. 145 which deleted the language requiring the appointment of one commissioner from each of the water divisions and adopted the following language:
 Members of the Commission shall serve on a full-time basis and each member shall be from a different section of the state. (Emphasis added.)
Acts 1965, 59th Leg., ch. 296, § 3, at 583-84. This language is now codified in section 5.052 of the Water Code:
 (a) The commission is composed of three members who are appointed by the governor with the advice and consent of the senate.
 (b) The governor shall make the appointments in such a manner that each member is from a different section of the state.
Water Code § 5.052.
You ask whether present law requires each Water Commissioner to be appointed from one of the three water divisions or otherwise requires commission members to represent diverse geographic areas of the state. To answer your question, we must determine the legislative intent expressed in the language of section 5.052(b) of the Water Code, which was enacted in 1965.
A brief submitted by the Texas Water Commission refers to a study of the state's water administration system prepared for the Water Commission, the Water Development Board, and the Water Pollution Control Board just prior to the 1965 legislative session. The report, prepared by the Texas Research League, criticized the tendency of some state commissions
 to function along regional lines and to program capital contributions in rotation by member areas.
Texas Research League, A Report to the Texas Water Commission and the Texas Water Development Board: The Structure and Authority for State Leadership of Water Development in Texas, 23 (1965). The report suggested that regional representation be left to the legislature where major state investments were involved. Id. The portion of the report on commission organization recommended "that the geographical districts be eliminated as a basis for appointment to the Texas Water Rights Commission." Texas Research League, A Report to the Texas Water Commission and the Water Development Board: Water Rights and Water Resource Administration, 31 (1965). It stated as follows:
 [P]resent members are selected on the basis of geographical districts delineated in 1917, and those districts are now badly out of balance in terms of proportional representation. The East Texas district, containing the cities of Dallas, Fort Worth and Houston and many other metropolitan centers, includes more than two-thirds of the State's total population. In its role as an administrator of water rights, the Texas Water Rights Commission would not be concerned with the promotion of water development which might favor one region as opposed to another.
Recommendations from this report were incorporated in legislation introduced during the 1965 legislative session. S.B. No. 145, S.B. No. 146, Acts 1965, 59th Leg., chs. 296, 297.
Senate Bill No. 145, as introduced, eliminated all geographical qualifications for the commission. Bill File on Senate Bill No. 145, 59th Leg., R.S. (1965) (Texas State Archives). A committee substitute adopted by the Senate Committee on Water and Conservation and then by the Senate as a whole included the language providing that each member be from a different section of the state. Id. The House reinstated the requirement that one member be appointed from each of the water divisions. Id.; H.J. of Tex., 59th Leg., R.S., 1782 (1965). The Senate refused to concur in the House amendment and requested the appointment of a conference committee. S.J. of Tex., 59th Leg., R.S., 1231-32 (1965). The conflict between the Senate provision and the House provision was resolved in favor of the Senate. The Conference Committee bill included the present language providing that each member be from a different section of the state. S.J. of Tex. 59th Leg., R.S. 1870 (1965).
This history of Senate Bill No. 145 shows that the House was reluctant to approve the Senate's changes in the appointment provision, while the Senate refused to continue to require each member to reside in a different water division. The actions of the legislature which adopted this bill show that there was a significant difference between the old language on appointment from water divisions and the new language on appointees being from different sections of the state. Legislative changes in the language of statutes generally indicate an intention to change meaning, and they must be given effect as such. Independent Life Insurance Co. v. Work, 77 S.W.2d 1036 (Tex. 1934); Robison v. Whaley Farm Corp., 37 S.W.2d 714 (Tex. 1931).
By repealing the old provision requiring residency in a statutorily-defined district and substituting a provision that each commissioner be from a different "section" of the state, the legislature departed from the former rigid residency requirement. Its use of the undefined term "section" had the effect of destroying a mandatory residency requirement. "Section," as defined by the dictionary, is
a distinct part of a territorial or political area. . . .
Webster's Ninth New Collegiate Dictionary. This is the sense in which "section" is used in Senate Bill No. 145. It is a geographical area, but one so indefinite in location and extent that it cannot be the basis of an enforceable residency requirement or other method of ensuring geographical distribution. A provision that is essentially indefinite, uncertain, and vague is ineffective and void. See generally Lone Star Gas Co. v. Kelly, 165 S.W.2d 446, 448 (Tex. 1942); State v. Humble Pipe Line Co., 247 S.W. 1082, 1085 (Tex. 1923).
In our opinion, section 5.052(b) of the Water Code does not establish a valid, enforceable requirement that water commissioners reside in different geographical areas of the state, and it need not be followed. It can be construed as an expression of the legislature's wish, not its command, that the governor give some consideration to geographical distribution in appointing Water Commissioners.
The legislature which enacted Senate Bill No. 145 adopted a resolution explaining its intent as to the provision in question. House Concurrent Resolution No. 153 provides in part:
 WHEREAS, Senate Bill 145 requires the Governor to appoint each of the three Commissioners from a different section of the State; now, therefore, be it
 RESOLVED by the House of Representatives, the Senate concurring, That the intent of the Legislature is that the Governor in making future appointments to the Commission shall insofar as possible maintain the Commission with members appointed from the Eastern, Western and Southern areas of the State. (Emphasis added.)
Acts 1965, 59th Leg., at 2171.
A statute cannot be amended, repealed, or otherwise modified by a resolution. Terrell Wells Swimming Pool v. Rodriguez,182 S.W.2d 824 (Tex.Civ.App.-San Antonio 1944, no writ); Humble Oil Refining Co. v. State, 104 S.W.2d 174 (Tex.Civ.App.-Austin 1936, writ ref'd); Mosheim v. Rollins, 79 S.W.2d 672
(Tex.Civ.App.-San Antonio 1935, writ dism'd w.o.j.); Attorney General Opinion Nos. M-1261 (1972); WW-345 (1958). In saying that the governor shall "insofar as possible" maintain a particular geographical distribution of commission members, House Resolution 153 expresses the legislature's preference, but leaves implementation of this preference to the governor's sole discretion. There is no longer any requirement that each member of the Texas Water Commission represent a different geographical area of the state.
In view of our conclusion that there is no such requirement, we need not answer your questions that depend upon a contrary conclusion.
 SUMMARY
Section 5.052 of the Water Code, which provides that the governor shall appoint members of the Water Commission so that "each member is from a different section of the state" does not establish an enforceable requirement and need not be followed.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lous McCreary Executive Assistant Attorney General
 Judge Zollie Steakly Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by Susan L. Garrison Assistant Attorney General